## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Crim. No. 00-291-2 |
| | ) | |
| ADAM BENTLEY CLAUSEN, | ) | |
|     Defendant-Movant. | ) | |
| | ) | |

## CLAUSEN'S AMENDED MOTION TO VACATE,
## SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255

Movant, Adam Clausen, through undersigned counsel, respectfully moves this Court to set aside the judgment in this case and correct his sentence under 28 U.S.C. § 2255. Clausen requests that the Court resentence him to time served for the reasons explained below.

## BACKGROUND

Clausen was charged and convicted by a jury of nine counts of Hobbs Act robbery (18 U.S.C. § 1951), nine counts of conspiracy to commit Hobbs Act robbery (18 U.S.C. § 371), and nine counts of using a firearm in the commission of each count (18 U.S.C. § 924(c)(1)(A)(i)). The Court sentenced Clausen to 2,460 months of imprisonment for the § 924(c) counts to run consecutively to the 97-month sentence for the robberies and conspiracy to commit robberies, for a total of 2,557 months (over 213 years) of imprisonment.

1

Clausen challenged his conviction and sentence on appeal, and the Court of Appeals for the Third Circuit affirmed. *See United States v. Clausen*, 328 F.3d 708, 709 (3d Cir. 2003). Clausen petitioned the Supreme Court for a review, but the Court denied review. *See Clausen v. United States*, 540 U.S. 900 (2003). Clausen next sought relief via a motion to vacate under 28 U.S.C. § 2255, but it too was denied. *See United States v. Clausen*, No. CIV.A.04-4625, 2005 WL 846198 (E.D. Pa. Apr. 12, 2005).

In June 2016, Clausen filed a protective 28 U.S.C. § 2255 motion on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his multiple convictions under 18 U.S.C. § 924(c) must be vacated because the statute upon which Clausen was convicted was unconstitutionally vague. R. 250. At the same time, Clausen filed an application for leave to file a second or successive § 2255 motion in the Third Circuit Court of Appeals. *See Clausen v. United States*, No. 16-02548, D.E. 1 (3d Cir. May 24, 2016). While that motion was pending in the Third Circuit, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. In light of *Davis*, the Third Circuit granted Clausen's application for leave to file a second or successive 28 U.S.C. § 2255 motion before this Court. *See Clausen v. United States*, D.E. 8 (3d Cir. Aug. 27, 2019). This amended § 2255 motion now follows.

**ARGUMENT**

2

## I. THE PREDICATE CRIMES FOR CLAUSEN'S § 924(C) CONVICTIONS DO NOT QUALIFY AS CRIMES OF VIOLENCE AND THOSE COUNTS MUST BE VACATED.

Clausen was charged and convicted of nine counts of violating 18 U.S.C. § 924(c) by either using, carrying, brandishing, or discharging a firearm during a crime of violence. But because the *Davis* Court held that the residual clause of § 924(c) is unconstitutionally vague and thus void, the predicate crimes for Clausen's § 924(c) convictions no longer qualify as crimes of violence and those counts must be vacated.

### A. Clausen's § 924(c) conviction tied to a conspiracy to commit Hobbs Act robbery is not a crime of violence.

Count 15 of the indictment charged Clausen with knowingly using, carrying, or brandishing a firearm during a crime of violence, "that is, conspiracy to commit robbery as charged in Count Thirteen of this indictment." R. 37, at 22. A conspiracy to commit Hobbs Act robbery, however, is not a crime of violence.

Under 18 U.S.C. § 924(c)(3), a crime of violence means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Because *Davis* invalidated the residual clause of § 924(c)(3) (that is, subsection 924(c)(3)(B)), for an offense to constitute a predicate crime of violence for § 924(c) purposes, it must now fall under the elements-of-force clause (§ 924(c)(3)(A)).

In deciding whether an offense falls under the elements-of-force clause, courts must use the categorical approach that looks only to the statutory elements of a

defendant's offense and not to the actual facts underlying the offense. *Descamps v. United States*, 570 U.S. 254, 259 (2013).[1] The Third Circuit has instructed courts further to "look to the elements of the [predicate] offense to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute." *United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016) (quotation omitted). An offense thus qualifies as a § 924(c) predicate only if the most innocent conduct triggering liability falls within the definition of the § 924(c) elements clause. Put differently, "[i]f the [offense] statute sweeps more broadly than the federal definition, a conviction under it is not a predicate even if the defendant actually committed the offense in a way that [meets the federal definition]." *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014).

A Hobbs Act conspiracy, which contains no overt act requirement, does not qualify as a crime of violence under § 924(c)(3)'s elements clause. Hobbs Act robbery conspiracy has three elements: (1) an agreement, between two or more persons, to commit Hobbs Act robbery; (2) the defendant's knowledge of the conspiratorial goal; and (3) the defendant's voluntary participation in furthering the goal. *In re Pinder*,

---

[1] Prior to *Davis* being decided by the Supreme Court, the Third Circuit held that the categorical approach was inapplicable in the contemporaneous-offense scenario—that is, during a § 924(c) prosecution where the predicate offense and gun offense are adjudicated simultaneously by a jury. *See United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016). But *Robinson* was abrogated by *Davis*, which held the residual clause of § 924(c) unconstitutionally vague after reaffirming the categorical approach. *Davis*, 139 S. Ct at 2327–33. Indeed, the government has conceded in the Third Circuit that *Robinson* is incompatible with the Court's approach in *Davis*. *See* Brief of the United States, *United States v. Copes*, 2019 WL 4254537 at *7 (3d Cir. Sept. 4, 2019) ("The government agrees with the defense that the reasoning applied in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), which held that Hobbs Act robbery qualifies as a 924(c) predicate, was abrogated by the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).").

824 F.3d 977, 979 n.1 (11th Cir. 2016); *United States v. Si*, 343 F.3d 1116, 1123–24 (9th Cir. 2003). The essence of a conspiracy is an agreement to commit an unlawful act. *Iannelli v. United States*, 420 U.S. 770, 777 (1975). And because two defendants could be found guilty for sitting in a hotel room and agreeing to commit a Hobbs Act robbery without ever leaving the room, conspiracy does not necessarily require the use or attempted use of violent physical force. *See, e.g.*, *United States v. Gore*, 636 F.3d 728, 730 (5th Cir. 2011) (agreeing that a Texas "conviction for conspiracy to commit aggravated robbery does not have as an element the use, attempted use, or threatened use of physical force against the person of another"); *United States v. White*, 571 F.3d 365, 369 (4th Cir. 2009) ("Applying a categorical analysis to the Conspiracy Offense, we first observe that it does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.").[2] Indeed, the Government has conceded, in another case, that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under the elements-based categorical approach. *See United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019), cert. denied, No. 18-1338, 2019 WL 4923463 (U.S. Oct. 7, 2019) (noting Government's concession and holding that for a conspiracy to commit Hobbs Act robbery charge, "the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act" and that

---

[2] The courts of appeals holding that conspiracy to commit Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c) did so by finding that conspiracy presented a substantial risk of harm under § 924(c)'s residual clause. *See United States v. Turner*, 501 F.3d 59, 67 (1st Cir. 2007) (collecting cases). Because the question in this case is whether conspiracy to commit Hobbs Act robbery meets the definition of the elements clause (and not the invalidated residual clause), those cases are inapposite.

"[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force").

Count 15 must be vacated because, post-*Davis*, there is no predicate offense attached to Clausen's use of a firearm.

### B. Clausen's § 924(c) convictions tied to an attempt to commit Hobbs Act robbery are not crimes of violence.

Counts 3, 6, 9, and 27 charged Clausen with carrying, using, brandishing, or discharging a firearm in relation to attempted Hobbs Act robberies. R. 37, at 4, 8, 12, 38. An attempt to commit Hobbs Act robbery, however, is not a crime of violence under § 924(c)'s elements clause.

Although the crime of attempt requires an intention to commit the substantive offense, a defendant does not have to commit each element of the offense. Instead, for an attempted crime to be proved, the government must show only that the defendant took a "substantial step towards the commission of the crime." *United States v. Ledesma-Cuesta*, 347 F.3d 527, 531 (3d Cir. 2003). A substantial step is "less than what is necessary to complete the substantive crime, but more than mere preparation." *United States v. Piesak*, 521 F.3d 41, 44 (1st Cir. 2008); s*ee also United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (observing that a "substantial step . . . cross[es] the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances").

Because someone convicted of attempting to commit Hobbs Act robbery could plan a robbery and travel with a gun to the location of the robbery, and yet be caught before

entering the store and still be guilty of attempted Hobbs Act robbery, such an attempt crime does not require the actual or threatened use of force. An attempt to commit Hobbs Act robbery, therefore, does not constitute a crime of violence. *But see United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394, 203 L. Ed. 2d 625 (2019) (holding that attempted Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)).

Count 3, 6, 9, and 27 must be vacated because, post-*Davis*, there is no predicate offense attached to Clausen's use of a firearm.

### C. Clausen's § 924(c) convictions tied to Hobbs Act robberies are not crimes of violence.

Counts 12, 18, 21, and 24 of the indictment charged Clausen with knowingly using, carrying, or brandishing a firearm during a crime of violence, namely Hobbs Act robbery. R. 37, at 16, 26, 30, 34. A conviction for Hobbs Act robbery, however, is not a crime of violence.

The elements of a Hobbs Act robbery require that "actual or threatened force, or violence, or fear of injury" be used against a "person or property." *United States v. Galati*, 844 F.3d 152, 154 (3d Cir. 2016). But "property," as used in 18 U.S.C. § 1951, includes intangible as well as tangible property. *See, e.g.*, *Scheidler v. Nat'l. Org. for Women, Inc.*, 537 U.S. 393, 404-05 (2003) ("property" includes exclusive control of business assets); *United States v. Local 560 of the Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 780 F.2d 267, 281 (3d Cir. 1986) (explaining unanimous view that "language of the Hobbs Act makes no such distinction between tangible and intangible property"). And "physical force"

"plainly refers to force exerted by and through concrete bodies." *Johnson v. United States*, 559 U.S. 133, 138 (2010) (construing 18 U.S.C. § 924(e)(2)(B)(i)). The question, then, is whether the least culpable conduct hypothetically necessary to support a Hobbs Act robbery conviction necessarily involves force exerted by and through concrete bodies.

It does not. The least culpable Hobbs Act robbery would be a nonconsensual taking from the presence of the victim by placing him in fear of injury to his intangible property. 18 U.S.C. § 1951(b)(1). Consider someone who induces a shareholder in a publicly held company to hand over his wallet by threatening to start a boycott of the company on social media. Because the defendant has obtained money in the presence of the shareholder by threatening to devalue his stock holdings, the defendant has committed Hobbs Act robbery. And because the defendant has not threatened physical force against any person or against the stock—because it is impossible to use such force against an intangible object, which by definition is not a concrete body—it is not a crime of violence. Hobbs Act robbery is therefore not a crime of violence.[3]

Count 12, 18, 21, and 24 must be vacated because, post-*Davis*, there is no predicate offense attached to Clausen's use of a firearm.

---

[3] The Third Circuit is expressly considering the question of whether Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Copes*, No. 19-1494, Summary of Oral Argument, Dkt. 51, (Oct. 1, 2019) ("Case Summary: Whether *United States v. Davis*, 139 S. Ct. 2319 (2019) abrogates *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016) and excludes Hobbs Act robbery as a predicate crime of violence under 18 U.S.C. Section 924(c).").

## II. THERE ARE NO PROCEDURAL BARS PREVENTING THE COURT FROM GRANTING RELIEF HERE.

None of the normal procedural bars that apply to a 28 U.S.C. § 2255 motion (timeliness, retroactivity, and procedural default) prevent the Court from granting relief here. Clausen has filed a timely second or successive § 2255 petition; his claims are based on new Supreme Court substantive rules of law that are retroactively applicable to cases on collateral review; and although he did not raise a *Davis* or *Johnson* claim on direct appeal, the doctrine of procedural default does not apply here because Clausen is actually innocent of multiple § 924(c) counts because those counts were based on § 924(c)'s residual clause that no longer exists after the Supreme Court's ruling in *Davis*.

### A. Timeliness

This motion is timely. Under 28 U.S.C. § 2255(f)(3), a person in federal prison may file a § 2255 motion to vacate within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Clausen's claim for relief is based on the Supreme Court's decision in *Johnson* and *Davis*. *Johnson* was decided on June 26, 2015, and Clausen filed a protective § 2255 motion in this Court based on that decision. R. 250. *Davis* was decided on June 24, 2019, and Clausen's request for second or successive § 2255 motion was recently granted by the Third Circuit, *see Clausen v. United States*, D.E. 8 (3d Cir. Aug. 27,

2019), and Clausen has filed this amended § 2255 motion within one year of the *Davis* decision. The petition is therefore timely.

### B. Retroactivity

Both the *Johnson* and *Davis* decisions are retroactively applicable to Clausen on postconviction review. The Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016), that new rules that "narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish" are substantive rules that apply retroactively to even those whose conviction or sentence have long been final. The Court found that the rule in *Johnson* was a retroactively applicable new substantive rule because it altered "the range of conduct" the Armed Career Criminal Act punished. *Id*. The Court noted that, prior to *Johnson*, the ACCA applied "to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison," but that "[a]fter *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison." *Id*.

In *Davis*, the Supreme Court extended its holdings in *Johnson* and for the first time held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2336. By striking down the residual clause, the Court narrowed the class of people who are eligible to be convicted under § 924(c). In other words, the *Davis* ruling altered the range of conduct that could be punishable under § 924(c) because those convicted of § 924(c) counts with predicate crimes falling under the residual clause

can no longer be punished. *Davis* thus represents a new substantive rule that is retroactively applicable to cases on collateral review, such as Clausen's case. *See In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019) ("We conclude that *Davis*, like *Johnson* before it, announced a new substantive rule."); *United States v. Reece*, No. 17-11078, 2019 WL 4252238, at *3 (5th Cir. Sept. 9, 2019), as revised (Sept. 30, 2019) ("[T]he rule announced in *Davis* meets the standard for a new substantive rule.").

### C. Procedural Default

As Justice Gorsuch stated in *Davis*, "In our constitutional order, a vague law is no law at all." *Davis*, 139 S. Ct. at 2323. Because Clausen was convicted of § 924(c) counts resting on the residual clause that no longer exists, he is actually innocent of those § 924(c) counts. And his actual innocence claim overcomes his procedural default for failing to raise the *Johnson*/*Davis* claim on direct appeal.

Clausen did not raise a *Johnson* or *Davis* claim that the § 924(c) residual clause is unconstitutionally vague on direct appeal. *See United States v. Clausen*, 328 F.3d 708 (3d Cir. 2003). As a result, Clausen's *Davis* claim is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) (Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review.").

In order to obtain collateral review on a procedurally defaulted claim, Clausen must show (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent. *See Bousley*, 523 U.S. at 622; *Hodge*, 554 F.3d at 378–79. Here, Clausen claims he is actually innocent of multiple § 924(c) counts that rest on

predicate offenses falling within § 924(c)'s residual clause that has been declared unconstitutionally vague and thus void. That is all Clausen must establish to overcome procedural default. *See United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) ("A petitioner can establish that no reasonable juror would have convicted him by demonstrating an intervening change in law that rendered his conduct non-criminal") (citing *United States v. Davies*, 394 F.3d 182, 191 (3d Cir.2005)). Thus, if Clausen proves that *Davis* renders his § 924(c) convictions invalid, his *Davis* claim is not procedurally defaulted.

There are no procedural bars that stand in the way of vacating Clausen's § 924(c) counts and resentencing him to time served.

## CONCLUSION

For all the stated reasons above, Clausen respectfully asks this Court to grant his second or subsequent § 2255 motion and resentence him to time served.

November 18, 2019                         Respectfully submitted,

                                          /s/ Kyle Singhal

                                          Kyle Singhal
                                          Shon Hopwood
                                          Ann Marie Hopwood
                                          LAW OFFICE OF SHON HOPWOOD PLLC
                                          3106 15th Street, NE
                                          Washington, DC 20017
                                          (817) 212-9041
                                          kylesinghal@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019 the foregoing was served upon the parties, via this Court's electronic case filing system.

/s/ Kyle Singhal

Kyle Singhal
LAW OFFICE OF SHON HOPWOOD PLLC
3106 15th Street, NE
Washington, DC 20017
(817) 212-9041
kylesinghal@gmail.com