IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADAM BENTLEY CLAUSEN | CRIMINAL ACTION<br>NO. 00-291-2 |

**PAPPERT, J.**                                                                                       **July 18, 2022**

### MEMORANDUM

Adam Clausen moves for early termination of his three-year term of supervised release. (ECF 296.) The Government opposes his motion (ECF 298) and the Court denies it.

I

The factual and procedural history of Clausen's case is detailed in the Court's prior opinions. (*See* ECF 277; ECF 282.) In short, he and his co-conspirators, wielding firearms, robbed several Philadelphia and New Jersey businesses during a three-week span in February 2000. (*See* ECF 282 at 2.) Clausen never fired his gun, but he used it to strike one victim in the head. (*Id.* at 2-3.) He was convicted of nine counts of Hobbs Act robbery, nine counts of conspiracy to convict Hobbs Act robbery and nine counts of using a firearm in relation to a crime of violence and sentenced to approximately 213 years of imprisonment. (*Id.* at 1.)

Clausen demonstrated a "remarkable record of rehabilitation" while incarcerated. (ECF 277 at 16.) As a result, after serving over twenty years in jail, the Court granted him a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) to time served

followed by three years of supervised release.  (*See* ECF 277; ECF 282.)  Clausen has been on supervision for approximately 22 months of his 36-month term.  During the first 20 months of supervision, he had just one in-person meeting with his probation officer.  (Def.'s Reply, ECF 299 at 3.)  He "reports online monthly" and acknowledges his supervision is "currently quite minimal."  (Def.'s Mot., ECF 296 at 3.)

Since his release, he has been living in Nevada.  (Def.'s Mot., ECF 296 at 3.)  He worked at Hope for Prisoners, coaching and training others who had been released from prison about "how to become successful, law-abiding citizens."  (*Id.*)  Now he is the Founder and Managing Member of the RISE Village Qualified Opportunity Zone Fund.  (Clausen Decl., ECF 296-1, at 1.)  According to Clausen, the Fund aims to ensure that people transitioning out of the criminal justice system in Southern Nevada have access to employment, safe and affordable housing and mental health services.  (*Id.*)  His job is to find investors and gain support from public officials, government agencies, non-profit organizations and local businesspeople.  (*Id.*)  The Fund is "seeking millions of dollars in investment equity."  (ECF 296 at 11.)

Clausen seeks release because, in his view, "supervision could negatively impact his professional life."  (*Id.*)  He contends "potential funders could negatively view his status as a federal supervisee" and the "stigma could impact his ability to fundraise" for the RISE Village Fund.  (*Id.*)  He says it is "conceivable" that investors would ask whether he could be incarcerated if he violates his continuing supervision and "the negative inference gleaned from such a discussion could lead to an investor's decision not to invest."  (*Id.* at 11-12.)

II

The Court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When deciding whether early termination is appropriate, the Court considers factors including:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (listing the 18 U.S.C. § 3553(a) factors relevant to a request for early termination of supervised release) (citations omitted). District courts entertaining motions for early termination of supervised release need only make clear that they have considered the statutory factors and are not required to make specific findings of fact with respect to them. *Id.* at 52-53. New or changed circumstances are not required to grant relief. *Id.* at 53. However, when a sentence is "'sufficient, but not greater than necessary' when first pronounced," a motion for early termination should provide some justification for a change in the sentence that was originally imposed. *Id.*

Clausen's compliance with the minimal requirements of his supervised release (ECF 296 at 3) is "the expectation" and "generally is not enough to warrant" early termination. *United States v. Damiano*, No. 07-153, 2020 WL 7263183, at *2 (E.D. Pa.

3

Dec. 10, 2020). His continuing commitment to transforming himself and improving the lives of others who have been incarcerated is commendable. (*See* ECF 282 at 4.) For those efforts, he has already received a substantial reduction of the *de facto* life sentence he received because of the seriousness of his crimes. Nevertheless, he believes he merits additional relief, asking the Court to remove "the yoke of federal supervision" from his neck. (ECF 296 at 4; ECF 299 at 4.)

The "yoke" Clausen wears – monthly online reports to his probation officer – is not onerous. He complains that the stigma associated with being on supervised release weighs on his efforts to obtain support for the RISE Village Fund. Yet Clausen does not identify an instance of his supervision interfering with his ability to promote a fund whose very mission arises from his own circumstances. He merely speculates that his continued supervision *could* negatively impact his ability to find investors because it is *conceivable* investors would be deterred by the *possibility* that he *could* be incarcerated *if* he violates his supervision. (ECF 296 at 11-12.) As the Government notes, it is Clausen's "history as a convicted offender, who served 20 years in prison while successfully striving to overcome his criminal past, that is his very calling card in persuading others to join him in an effort to help others follow his path." (Gov't Resp., ECF 298 at 5.) Any investor willing to invest in a fund focused on providing opportunities to former inmates must also understand that Clausen's supervision serves an important purpose and, moreover, that it will soon end.

Weighing the Section 3553(a) factors and balancing Clausen's appropriate conduct while on supervised release against the circumstances underlying his conviction, supervision for the remainder of the three-year term of supervised release

4

remains appropriate.

                                      BY THE COURT:

                                      ***/s/ Gerald J. Pappert***
                                      GERALD J. PAPPERT, J.